A CERTIFIED TRUE COPY
ATTEST

By Dana Stewart on Jun 11, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Jun 11, 2009

FILED
CLERK'S OFFICE

IN RE: COX ENTERPRISES, INC., SET-TOP CABLE
TELEVISION BOX ANTITRUST LITIGATION

MDL No. 2048

FILED
JUN 1 6 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ , DEPUTY

### TRANSFER ORDER

**Before the entire Panel**: Defendants Cox Enterprises, Inc.; Cox Communications, Inc.; Cox Communications Louisiana, LLC; Cox Communications New Orleans, Inc.; and CoxCom, Inc. (collectively Cox) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Georgia. Plaintiffs in two actions and five potentially related actions suggest centralization in the Eastern District of Louisiana. Plaintiffs in two actions and two potentially related actions suggest centralization in the Western District of Oklahoma.

This litigation currently consists of four actions listed on Schedule A and pending in three districts: two actions in the Eastern District of Louisiana, and one action each in the District of Arizona and the Middle District of Georgia.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Oklahoma will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Cox improperly tied and bundled the lease of cable boxes to the ability to obtain premium cable services in violation of Section 1 of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Oklahoma is an appropriate transferee forum for this litigation. A potentially related action is pending in that district, and Judge Robin J. Cauthron has the time and experience to steer this litigation on an expeditious course.

---

[1] The Panel has been notified that fourteen additional related actions have been filed: nine actions in the Eastern District of Louisiana, and one action each in the Central District of California, the Southern District of California, the Northern District of Florida, the District of Nevada, and the Western District of Oklahoma. All of these actions, save the action pending in the Western District of Oklahoma, will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

ATTEST: A true copy of the original
Robert D. Dennis, Clerk
By _____
Deputy

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Robin J. Cauthron for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil          David R. Hansen
W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.

IN RE: COX ENTERPRISES, INC., SET-TOP CABLE
TELEVISION BOX ANTITRUST LITIGATION                    MDL No. 2048

## SCHEDULE A

### District of Arizona

Bradley Gelder v. CoxCom, Inc., C.A. No. 2:09-456

### Middle District of Georgia

Patti Duke, et al. v. Cox Enterprises, Inc., C.A. No. 5:09-83

### Eastern District of Louisiana

Melissa Wilson Berniard v. Cox Communications New Orleans, Inc., et al.,
  C.A. No. 2:09-2996
Jessica Diket v. Cox Enterprises, Inc., et al., C.A. No. 2:09-3022